UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LANCE COHEN,

                    Plaintiff,

      -against-                  **COMPLAINT**

CITY OF NEW YORK,
ABRAHAM ALTHAIBANI,
JORGE SANABRIA, and
DANNY RODRIGUEZ,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Lance Cohen, by his attorneys the Lumer Law Group, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Lance Cohen was an adult male resident of Kings County, within the State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, defendant Abraham Althaibani, Shield 0191, was employed by the City of New York as a member of the NYPD. Althaibani is sued herein in his individual capacity.

        4.     At all relevant times hereinafter mentioned, defendant Jorge Sanabria,

Shield 27752, was employed by the City of New York as a member of the NYPD. Sanabria is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendant Danny Rodriguez, Shield 13434, was employed by the City of New York as a member of the NYPD. Rodriguez is sued herein in his individual capacity.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, which is the district where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

11. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

### RELEVANT FACTS

7. On September 5, 2017, at or about 10:50 pm, the three defendants were working together in their capacity as members of the NYPD.

8. On September 5, 2017, at or about 10:50 pm, the three defendants

arrested the plaintiff at or in the vicinity of North Portland Avenue and Park Avenue in Brooklyn, New York.

9. During the course of the arrest the individual defendants violently assaulted plaintiff, during which they repeatedly struck plaintiff in the head and face.

10. The defendants later claimed that plaintiff had resisted arrested and attempted to punch, head butt, and kick the defendants.

11. Defendants' claim that plaintiff resisted arrest by attempting to strike them was fundamentally and materially false as plaintiff did not attempt to strike any of the defendants in any fashion.

12. The defendants made these false claims to fabricate a justification for their use of force against plaintiff.

13. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

14. To the extent that any of the individual defendants did not participate personally in the assault on plaintiff, each such defendant was present prior to and during the assault and failed to intervene or otherwise attempt to protect plaintiff from the assault.

15. At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the above mentioned misconduct.

16. Plaintiff was transported to a local area hospital where he was diagnosed with various injuries, including left medial wall and orbital floor "blowout"

fractures, which required reconstructive surgery and the implementation of hardware.

17. All of the injuries suffered by plaintiff were proximately caused by the defendants' use of force against plaintiff.

18. At all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

### (§1983 Claims Against the Individual Defendants)

19. Plaintiff repeats the preceding allegations as though stated fully herein.

20. The individual defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances causing plaintiff to suffer serious physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

21. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, he witnessed this conduct as it occurred, was aware that it was occurring or would occur, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

22. By so doing, the individual defendants subjected the plaintiff to excessive force, failed to intervene in the use of excessive force against plaintiff, and aided and abetted in the violation of, plaintiff's rights under the Fourteenth Amendments of the United States Constitution.

23. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including past, present, and future physical injuries and pain and suffering, mental anguish related to his physical injuries, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

**(State Law Claims Against All Defendants)**

24. Plaintiff repeats the preceding allegations as though stated fully herein.

25. Plaintiff was subjected to excessive force, battery, and assault by the defendants when they intentionally, willfully, maliciously, and/or with reckless disregard used physical force against him during the course of his arrest.

26. At no time was there any objectively reasonable basis for the defendants to utilize the force that they chose to employ, nor was it reasonable for the officers to believe such force was justified, necessary, or otherwise permissible.

27. The City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

28. Therefore, the individual defendants and City of New York are liable to plaintiff under state law, for excessive force, battery, and assault under New York law.

29. By reason thereof, defendants have caused plaintiff to suffer various injuries, including past, present, and future physical injuries and pain and suffering, and mental anguish related to his physical injuries.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
June 24, 2018

LUMER LAW GROUP
Attorneys for Plaintiff

Michael Lumer, Esq.
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060